UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL PRINCE ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:15-0955 |
| ] | Haynes/Brown |
| 23rd JUDICIAL DISTRICT ATTORNEY ] | |
| GENERAL'S OFFICE, et al.[1] ] | |
|     Respondents. ] | |

**To:** Honorable William J. Haynes, Jr., Senior District Judge

## R E P O R T  A N D  R E C O M M E N D A T I O N

By an order (Docket Entry No. 12) entered November 4, 2015, the Court referred this action to the undersigned "for resolution of all pretrial non-dispositive motions and to recommend disposition of dispositive motions."

Before the Court are petitioner's *pro se* "Habeas Corpus Application and Civil Rights Claim" (Docket Entry No. 1) and a Motion to Amend the Habeas Corpus Application (Docket Entry No. 10).

The Court is now obliged to promptly examine *sua sponte* the petitioner's Habeas Corpus Application and Civil Rights Claim to ascertain whether the petitioner may be entitled to relief. Rule

---

[1] The 23rd Judicial District in Tennessee consists of Dickson, Humphreys, Houston, Cheatham and Stewart Counties.

1

4, Rules Governing § 2254 Cases.[2]

## I. Background

According to his Application, the petitioner was arrested on November 23, 2013 in Jonesboro, Arkansas and charged with theft - by receiving. A few days later, the Arkansas police learned of two outstanding Tennessee warrants charging the petitioner with the theft of property valued at over $1000 (Cheatham Co.) and aggravated burglary (Robertson Co.).

On December 30, 2013, the petitioner pled guilty to theft - by receiving and was sentenced to serve six years in prison. While serving this sentence, the petitioner filed a request to have the Tennessee warrants brought to disposition. Robertson County withdrew the detainer it had lodged against the petitioner. Cheatham County, however, chose not to withdraw its detainer and instead "left their warrant inactive."

On August 12, 2015, the petitioner was released on parole and transported to Cheatham County, Tennessee pursuant to its outstanding detainer. Shortly thereafter, bail was set for the petitioner in the amount of $25,000.

## II. Claims

In his Application, the petitioner raises three claims for relief. These claims include :

> 1) a due process violation has occurred "in the time between the commission of the offense and the commencement of the prosecution";

---

[2] The petitioner asserts that the habeas corpus portion of his Application is being brought pursuant to 28 U.S.C. §§ 2241 and 2254. The rules pertaining to § 2254 cases are applicable to requests for habeas corpus relief brought under § 2241. Rule 1(b), Rules Governing § 2254 Cases.

2

  2) the respondents "failed to, after demand therefor, make a diligent and good faith effort to bring the petitioner-plaintiff Carl Prince to trial"[3]; and

  3) the respondents violated his rights under the Interstate Agreement on Detainers Act.

In the Motion to Amend, the petitioner seeks to add another issue and respondent. The additional respondent named is Julie Hibbs, Clerk of the Cheatham County Circuit Court. The new issue is a claim that the respondents have violated his right to be free from excessive bail.

### III. Habeas Corpus Relief

The petitioner asserts that he is entitled to habeas corpus relief under both 28 U.S.C. § 2241 and § 2254.

28 U.S.C. § 2241 is the appropriate vehicle whereby a petitioner can attack the execution of an otherwise valid sentence or test the validity of a detainer. A sister statute, 28 U.S.C. § 2254, provides a petitioner with the vehicle by which the terms or validity of a state conviction can be challenged. *See* United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991). In this case, the petitioner is in custody pursuant to a state detainer rather than a state conviction. Therefore, any claims brought pursuant to 28 U.S.C. § 2254 are not properly before the Court.

A § 2241 petitioner is generally required to exhaust state administrative and judicial remedies prior to seeking relief in federal court. Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); *see also* Fazzini v. Northeast Ohio Correctional Center, 473 F.3d 229, 231 (6th Cir. 2006). In this regard, the petitioner avers that he has filed grievances within the Cheatham County Jail, Docket Entry No. 1 at pg. 1, and two motions to dismiss in the Cheatham County General Sessions

---

[3] The respondents named in the Application are the 23rd Judicial District Attorney General's Office and Cheatham County, Tennessee.

Court, neither of which has been ruled upon. *Id.* at pg. 2. While this demonstrates an effort to exhaust, "it is important that a petitioner reach state appellate courts which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973). The petitioner has offered his habeas claims to neither the state Circuit Court nor the state appellate courts for consideration. He has not, therefore, exhausted available state court remedies prior to seeking relief here. As a consequence, the Court is obliged to dismiss the petitioner's § 2241 claims without prejudice. Rose v. Lundy, 455 U.S. 522 (1982).

## IV. Civil Rights Claims

The petitioner also alleges civil rights violations under 42 U.S.C. §§ 1981 and 1983 arising from his continued time in custody.

The petitioner is a pre-trial detainee at the Cheatham County Jail awaiting trial on a theft charge. Bail has already been set for him. There is no showing he has appealed the amount of bail within the state system. As the Tennessee Court of Criminal Appeals held in State v. Swords, 1999 Tenn. Crim. App, Lexis 338, 1999 WL 222702, the proper form of relief from a claim of excessive bail set by a clerk or magistrate is an appeal to the Criminal Court having jurisdiction over his case. The Court is obliged to consider matters of jurisdiction, *sua sponte* if necessary. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985).

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not enjoin pending state criminal proceedings begun prior to the institution of a federal suit except in the very unusual situation where an injunction is necessary to prevent both immediate and irreparable injury. *Id.*, at pg. 46. Thus, the abstention doctrine announced in Younger counsels

4

federal courts to abstain from hearing challenges to pending state court proceedings, where interference by a federal court would disrupt the comity between state and federal courts. *Id.*, at pgs. 37-38; *see also* Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).

Abstention in favor of a state court is proper where (1) the state criminal proceeding is ongoing; (2) an important state interest is implicated by the criminal proceeding; and (3) there is an adequate opportunity in the state criminal proceeding to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). A federal court should not abstain, however, if the petitioner demonstrates extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief. Fieger v. Thomas, 74 F.3d 740, 750 (6th Cir. 1996).

The state criminal proceeding being challenged by the petitioner is ongoing. A State has an important interest in enforcing its criminal laws. Moreover, the petitioner has the ability under state law to appeal any adverse action arising from his prosecution. The petitioner has shown no unusual circumstances sufficient to warrant federal intervention at this time. Therefore, it appears that the Court is compelled to abstain from interfering with the petitioner's ongoing criminal prosecution. Braden, *supra* at 410 U.S. 493 ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court"). Younger established the principle that when abstention is appropriate, a federal court should not exercise jurisdiction but instead should dismiss the case in its entirety. Gibson v. Berryhill, 411 U.S. 564, 577 (1973).

**RECOMMENDATION**

Upon consideration of the pleadings and the record in this case, the undersigned respectfully RECOMMENDS that the plaintiff's Motion to Amend the Habeas Corpus Application be GRANTED. It is further RECOMMENDED that the petitioner's habeas corpus claims be DENIED for failure to exhaust, that the Court abstain from considering his civil rights claims at this time, and that the instant action be DISMISSED without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                                   Respectfully submitted,

                                                   Joe B. Brown
                                                   United States Magistrate Judge